15-A CONSTITUTIONAL LAW
33 ELECTIONS — Local Gaming Referenda
48 GAMBLING — Lotteries, Bingo, Chance, Promotional Schemes
1) A law is impliedly repealed only when a new law contains provisions contrary to, or irreconcilable with those of the former law;
2) In accordance with La. Const. art XII, § 6(C)(1)(b), where off track wagering has not been conducted in a parish on or before October 15, 1996, a local referendum election must be called in order to allow such wagering in that parish; and
3) Pursuant to La. R.S. 18:1300.22, as of July 15, 1997, an act of the legislature is necessary to authorize a parish to conduct a referendum election on a proposition to allow the establishment of an off track wagering facility where off-track wagering had not been conducted on or before October 15, 1996.
Mr. Edward L. Harris Mayor, Town of Richwood 5130 Brown Road Richwood, Louisiana 71202-7004
Dear Mayor Harris:
This office is in receipt of your request for an opinion of the Attorney General regarding R.S. 4:217 and 4:227 relative to off-track wagering. You state that it is your understanding that House Bill 1296 of 1990 amended and reenacted prior statutes, R.S. 4:412(A)(1)(2) and (B) and 218(A)(1) and (B), and enacted R.S. 4:217 (B)(2)(E) and 227. As a result of these amendments, on January 19, 1991 the town of Richwood approved a local referendum to allow the establishment of an off-track wagering facility.
Your questions as I understand them are essentially:
 1. When a bill receives passage during a regular legislative session does that bill remain law until amended or deleted for some reason?
 2. When a public referendum election is held to allow the establishment of off-track wagering in a municipality and the majority of voters in that respective city approves it, do the results of said election remain valid until or unless another election of the same is held?
 3. After said measure is approved by the voters of the municipality, is there a time limit on implementation of the approved measure?
In response to your first question as to whether a bill that received passage during a regular legislative session remains law until amended or deleted for some reason, we must conclude it remains the law. As previously stated to you in Atty. Gen. Op. 02-0323, "[T]here is a presumption against implied repeal of legislation, based on the theory that the legislature envisions the whole body of the law when it enacts new legislation. * * * A law is impliedly repealed only when a new law contains provisions contrary to, or irreconcilable with those of the former law."
In response to your second and third questions we refer to pertinent parts of La. Const. art. XII, § 6(C), La. R.S.18:1300.22(A), and Atty. Gen. Op. 02-0323.
La. Const. art. XII, § 6(C)(1)(b), effective October 15, 1996, provides:
 (b) No form of gaming, gambling, or wagering authorized by law on the effective date hereof shall be licensed or permitted to be conducted in a parish in which it was not heretofore being conducted,
except licensed charitable gaming which may be conducted in any parish provided it is conducted in compliance with the law, pursuant to a state license or permit unless a referendum election on a proposition to allow such gaming, gambling, or wagering is held in the parish and the proposition is approved by a majority of those voting thereon.
[Emphasis ours]
Article XII, § 6(C)(4) provides:
 (4) Notwithstanding Article III, Section 12, or any other provision of this constitution, the legislature by local or special law may provide for elections on propositions relating to allowing or prohibiting one or more forms of gaming, gambling, or wagering authorized by legislative act.
La. R.S. 18:1300.22(A), effective July 15, 1997, provides:
 A. Notwithstanding any other law to the contrary, except as otherwise permitted in Subsection B of this Section, any election required by Article XII, Section 6(C) of the Constitution of Louisiana may be called only by an enactment of the legislature which specifically authorized each such election.
The above provisions mandate the current procedures which must be followed before a new form of wagering is allowed in a parish where the wagering activity had not previously been conducted. The results of the January 1991 referendum election in Richwood have been superceded by these latest expressions of legislative intent because, although the referendum was held and off-track betting authorized, no off-track betting has ever been conducted in Richwood. As set forth in Atty. Gen. Op. 02-0323, since off-track wagering was not conducted in the Town of Richwood, Quachita Parish, on or before October 15, 1996, then a new referendum must held and it must comply with the provisions of La. Const. art. XII, section 6(C)(1)(b). Further, as of July 15, 1997, the effective date of La. R.S. 18:1300.22, this referendum election can only be called pursuant to an enactment of the legislature which specifically authorizes a parish or municipality within a parish to conduct such an election, to permit the establishment of an off-track wagering facility in the respective parish. The provisions of La. R.S. 4:214 regarding eligibility, criteria and procedure must also be followed.
In conclusion, it is the opinion of this office that:
 1) Where off-track wagering has not been conducted in a parish on or before October 15, 1996, a local referendum election must be called in order to allow such wagering in that parish; and
 2) As of July 15, 1997, pursuant to La. R.S. 18:1300.22, an act of the legislature is necessary to authorize a parish to conduct this referendum election.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL